# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | NAN R. NOLAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 1008 | DATE | April 30, 2004 |
| CASE TITLE | | McPherson v. Bunch | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion to reconsider [26] is denied. Plaintiff's motion to deny defendant's motion to reconsider [27-1] is construed to be plaintiff's response to the motion to reconsider and the clerk is directed to terminate it as a motion. Plaintiff's motion for reconsideration of appointment of counsel and affidavit in support [27-2] is granted. The court appoints Sheri De Koven, Attorney at Law, 480 Central Avenue, Northfield, IL 60093, (847)441-6500, ext. 3011, to represent plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rules 83.11(g) and 83.37. Plaintiff's motion to amend pleadings [27-3] is denied without prejudice to appointed counsel filing an amended complaint. Defendant's answer is due on or before May 20, 2004. This matter is set for status on June 8, 2004 at 9:00 a.m.

(11) ■ **[For further detail see attached Memorandum Opinion and Order.]**

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | 5-03-04 date docketed | |
| X | Docketing to mail notices. | | | 30 |
| | Mail AO 450 form. | | 6. Y. docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| CLH | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN ILLINOIS

| | |
|---|---|
| GIORGIO McPHERSON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 03 C 1008 |
| ) | |
| EDDIE BUNCH, et al. ) | Magistrate Judge Nan R. Nolan |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Giorgio McPherson, currently an inmate at the Lawrence Correctional Center, brought this *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that defendant Eddie Bunch and unknown defendants were deliberately indifferent to his serious medical needs because they did not honor the "low bunk/low gallery" permit that medical staff had issued when McPherson arrived at the Joliet Correctional Center on January 26, 2001. Instead McPherson was placed on gallery three. According to McPherson, he informed Officer Eddie L. Bunch that he had epilepsy and should not be on gallery three. Bunch agreed, but never moved McPherson to a lower gallery. On February 5, 2001, McPherson had an epileptic seizure as he was going down the stairs. He fell from gallery three to gallery one and broke his left wrist and right arm and elbow.

Bunch filed a motion to dismiss claiming (1) that the statute of limitations barred McPherson's cause of action; (2) that McPherson filed a previous action in the Central District about this incident, which was dismissed; and (3) that McPherson failed to state a claim. On January 27, 2004, the court denied Bunch's motion to dismiss. Bunch has now filed a motion to reconsider to which McPherson has responded. For the following reasons, Bunch's motion to reconsider is denied.

30

## DISCUSSION

### A. Defendant Bunch's Motion to Reconsider

First, Bunch argues that McPherson filed this action previously on February 15, 2002 in the Central District of Illinois and thus has already had his first bite at the apple. *Pro se* or not, a litigant has one chance to sue the same parties for the same events in federal court. *See Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394 (1981) (one dispute between the same parties may be litigated only once when first judgment rendered by a federal court). A litigant is barred with respect to all claims that were, or could have been, raised in the first suit. *Montana v. United States*, 440 U.S. 147, 153 (1979). As many courts have concluded, a complaint that seeks to relitigate previously dismissed claims is both frivolous and malicious. *See Okoro v. Bohman*, 164 F.3d 1059, 1064 (7th Cir. 1999); *DePineda v. Hemphill*, 34 F.3d 946, 948 (10th Cir. 1994); *Sassower v. American Bar Ass'n*, 33 F.3d 733 (7th Cir. 1994); *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Aziz v. Burrows*, 976 F.2d 1158 (8th Cir. 1992); *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981); *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir.), *cert. denied*, 450 U.S. 985 (1981); *Graham v. Riddle*, 554 F.2d 133, 135 (4th Cir. 1977). While all this is true, McPherson's complaint was never litigated in the Central District. Judge Harold A. Baker dismissed the complaint *without prejudice* on June 21, 2002 (this court's emphasis). *See McPherson v. IDOC*, No. 02-3045 (C.D. Ill., June 21, 2002).

Bunch appears to be arguing that the instant complaint constitutes an amended complaint to the one filed in the Central District. The court is hard pressed to see how the Assistant Attorney General who is representing Bunch can make this argument. Judge Baker's order, which she attached, clearly states that the dismissal is without prejudice. The dismissal without

2

prejudice on June 21, 2002, came well before this court received McPherson's instant complaint on February 11, 2003 (which was filed in the proper district and named one servable defendant).

Bunch's motion to reconsider is denied on this basis.

Second, defendant Bunch argues that McPherson's complaint is time barred because he did not lodge his complaint until February 11, 2003–six days after the statute of limitations expired. The statute of limitations for § 1983 actions arising in Illinois is two years. *See Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001), citing *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992); *Kalimara v. Illinois Department of Corrections*, 879 F.2d 276, 277 (7th Cir. 1989). Illinois no longer tolls the statute of limitations for inmates. *See Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992); *Knox v. Lane*, 726 F.Supp. 200, 201-02 (N.D. Ill. 1989). Although state law governs the length of the statute of limitations, federal law governs the accrual date of the cause of action. *See Sellars v. Perry*, 80 F.3d 243, 245 (7th Cir. 1996). A claim generally accrues when the plaintiff knows or has reason to know of the injury. *Id.* McPherson obviously was aware of his injury when he suffered it. He does not contend, for example, that he was unconscious or comatose for a length of time after he fell. McPherson's cause of action therefore accrued on February 5, 2001.

The court received McPherson's complaint on February 11, 2003, and Judge Ronald A. Guzmán[1] granted McPherson' motion to proceed *in forma pauperis* on February 19, 2003. Neither of these dates, however, are the controlling dates for purposes of the statute of

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge, and this action was reassigned to Magistrate Judge Nolan on May 6, 2003, pursuant to Local Rule 73.1.

3

limitations. In *Houston v. Lack*, 487 U.S. 266 (1988), the Supreme Court held that a prisoner files his notice of appeal at the time he delivers it to prison authorities for forwarding to the court. *Id.* at 276. The Seventh Circuit has assumed, but not expressly decided, that the *Houston* "mailbox rule" extends to other *pro se* prisoner filings. *See Jones v. Bertrand*, 171 F.3d 499, 501-02 (7th Cir. 1999) (applied the rule to a petition for habeas corpus); *Simmons v. Ghent*, 970 F.2d 392, 392 (7th Cir. 1992) (applied the rule to a Rule 59(e) motion). The Fourth and Fifth Circuits have extended the *Houston* "mailbox rule" to cover Section 1983 claims. *See Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995); *Lewis v. Richmond City Police Dept.*, 947 F.2d 733, 736 (4th Cir. 1991). These rulings extending the "mailbox rule" are consistent with the notion that *pro se* prisoners do not have the same access to the court system as other litigants, and in order for justice to be served, their papers should be considered filed when given to prison officials. *Jones*, 171 F.3d at 502; *Cooper*, 70 F.3d at 379; *Lewis*, 947 F.2d at 735.

Moreover, the Local Rules of this Court appear to have extended the *Houston* "mailbox rule" to *pro se* prisoner filings when the inmate also files an *in forma pauperis* application with his complaint. Local Rule 3.3(d) of this Court provides in pertinent part:

> (d) Date of filing. If the judge grants the IFP petition, the complaint shall be filed as of the date of the judge's order except that where the complaint must be filed within a time limit and the order granting leave to file is entered after the expiration of that time limit, the complaint shall be deemed to have been filed:
>
>> (1) in the case of any plaintiff in custody, as of the time of the plaintiff's delivery of the complaint to the custodial authorities for transmittal to the court; . . .

Here, McPherson dated his complaint January 22, 2003, and the trust fund officer dated his motion to proceed *in forma pauperis* January 27, 2003—before the statute of limitations would

4

have run. However, the envelope in which McPherson's complaint was mailed to the court is postmarked February 8, 2003 – after the statute of limitations expired.

The court cannot determine from this limited information when McPherson delivered his complaint to the custodial authorities for transmittal to the court. Any number of factors could have caused a delay from the time McPherson actually delivered his complaint to officials for mailing to the time when it was postmarked. McPherson states in his response that he delivered the complaint for mailing on January 27, 2003. He also asks the court to contact Stateville Correctional Center to obtain copies of his trust fund account and the like in order to show that he delivered the complaint to prison officials for mailing before the statute of limitations expired. The court cannot obtain documents on behalf of McPherson. However, on this motion to reconsider the denial of defendant Bunch's motion to dismiss, the court must accept McPherson's statements as true, and he maintains that he delivered the complaint to prison officials for mailing on January 27, 2003.

In his reply, Bunch argues that McPherson has admitted in his response to the motion to reconsider that Bunch was belatedly served because McPherson did not know he needed to name a defendant at the time he lodged his action in the Central District. McPherson is proceeding *pro se*, and this court will not entertain arguments that attempt to take advantage of McPherson's lack of legal knowledge. It is obvious to the court that McPherson was trying to explain why he did not do anything further with the case in the Central District and that McPherson was confused by the assistant attorney general's specious argument that the instant complaint is an amendment to the complaint filed in the Central District. Bunch's motion to reconsider is accordingly denied as to his argument that the complaint is untimely.

Third, Bunch argues that he was not timely served. The instant action was filed when McPherson delivered the complaint to custodial authorities to send to the court, N.D. Ill. L.R. 3.3(d), which for present purposes the court accepts occurred before February 5, 2003. Defendant Bunch was served on February 28, 2003. Bunch was therefore served well within the 120 days allowed by Rule 4(m) of the Federal Rules of Civil Procedure.[2] The court cannot emphasize any more than it already has that the action filed in the Central District has no bearing on this action. That case was dismissed without prejudice, which freed McPherson to start his case anew. McPherson, who is *pro se*, is to be commended for discovering the name of defendant Bunch and bringing his action in the proper district. Bunch's motion to reconsider is accordingly denied as to his argument that he was not timely served.

## B. McPherson's motion for reconsideration of appointment of counsel and to amend pleadings

McPherson asks the court to reconsider his motion for appointment of counsel, which was previously denied without prejudice. At this stage, the court finds that appointment of counsel is warranted, and thus grants McPherson's motion to reconsider his motion for appointment of counsel.

McPherson also moves to amend his complaint. It appears that McPherson wants to amend his requested relief. The court does not allow piecemeal amendments—McPherson would have to file an amended complaint. Because the court is appointing counsel to represent

---

[2] Rule 4(m) of the Federal Rules of Civil Procedure provides:
> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant . . . .

6

McPherson, however, it seems prudent to have McPherson's counsel evaluate the case and determine whether an amendment is warranted. Accordingly, McPherson's motion for leave to amend is denied without prejudice.

## CONCLUSION

For the foregoing reasons, defendant Bunch's motion to reconsider is denied. Bunch shall answer the complaint within twenty days of the date of this order. Additionally, McPherson's motion for appointment of counsel is granted, and his motion to amend the complaint is denied without prejudice.

ENTERED:

*Nan R. Nolan*

HON. NAN R. NOLAN
United States Magistrate Judge

Date: April 30, 2004

7